MARGARITA MERCADO RIERA ET UX., Appellants, *v.* THE REGISTRAR OF PROPERTY, PONCE SECTION, Respondent.

No. G-65-5.    Decided June 27, 1967.

*Raúl Matos* and *Raúl E. Matos* for appellants. The respondent Registrar appeared by brief.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

PER CURIAM: This administrative appeal has been filed against the refusal of the Registrar of Property, Ponce Section, to record a certain judicial sale.

Margarita Mercado Riera, her brother and sister, and the heirs of another deceased brother, were the owners by

hereditary title, and in co-ownership of undivided property, one-fourth each, of 24 rural properties situated mainly in the municipality of Ponce. On March 1956, Margarita Mercado Riera filed a complaint in the Superior Court, Ponce Part, against the other co-owners requesting the division of the common ownership, alleging that she did not desire to continue the joint ownership and requesting that the division or partition of the properties be decreed either by the material adjudication of some of them or by the adjudication of particular properties to each one, in the most equitable manner, and adopting any necessary measure to attain said purpose.

On January 23, 1959 judgment was rendered in favor of plaintiff. Insofar as pertinent the same decreed:

"JUDGMENT:—For the reasons stated, the complaint in the above-entitled case *is sustained and the sale at public auction of each and every one of the real properties* to which the present action refers and which are described below, is ordered and decreed; for the respective upset prices also stated following the description, . . . provided that after the execution of the sale, at public auction *of the properties afore-described, the total proceeds of the auction sale shall be deposited in the Office of the Clerk of this court* and the Clerk shall divide the total amount obtained by virtue of the auction sale in the following proportion and manner: *one fourth for plaintiff Margarita Mercado Riera; . . . . The fourth corresponding to plaintiff Margarita Riera shall be also deposited in the Office of the Clerk of this court until further orders for the latter's compliance with the stipulation agreed upon with codefendant Secretary of the Treasury of Puerto Rico and approved by this court on September 23, 1958.*

.        .        .        .        .        .        .        .

*The Marshal of this court shall proceed to the sale at public auction of each and every one of the properties afore-described, individually and separately, according to the provisions of 32 L.P.R.A. § 1134.*" (Italics ours.)

On October 11, 1962 a public auction sale was held at which no bidders appeared in relation to five properties, the first four of which are named: La Catalina, Jaime Seix, Aguayo, and Feliz. The fifth, consisting of a parcel of 42 cuerdas, in ward Magueyes situated in Corral Viejo had no name.

By order of November 26, 1962 the court ordered the sale at public auction of said five properties, subject to the following upset prices:

Farm No. One, "La Catalina" ............. $ 40,000
Farm No. Two, "Jaime Seix" ............. 2,000
Farm No. Three, "Aguayo" ............... 1,000
Farm No. Four, "Feliz" .................. 140,000
Farm No. Five, Parcel in Corral Viejo ...... 4,200

The Clerk entered an order to the Marshal and the latter issued and published the proper notice of public sale of the five properties, stating, among other things:

"That in compliance with an ORDER entered by the Clerk of this court, on January 9, 1963, and at nine o'clock in the morning (9:00 a.m.), I shall proceed to sell and will sell at public auction to the best bidder, the real properties described below, for the upset prices fixed to each of them in this notice, to wit: [description of the 5 properties].

"Said auction will be executed for the upset prices fixed to each one of the real properties afore-described. The purchasers at the auction will take immediate possession of the different real properties described in the complaint and in the original judgment, and the undersigned Marshal shall proceed to deliver possession thereof to the successful bidder or bidders at the auction sale, according to the final judgment rendered in this case.

"Bids shall not be admitted which are not in cash, certificate of deposit, or certified check, American legal tender currency of the United States of America, which shall be deposited in the act of the auction sale."

The auction sale was held on the day and hour indicated in the notices published. As it appears from the Record of the Auction "representatives of both parties" were present.

Farm No. Three, called Aguayo, was adjudicated to Rafael Peralta Carlo, for the upset price of $1,000, fully paid in cash and at the very act of the auction.

The joint-owner plaintiff, Margarita Mercado Riera—married to Salvador S. Mandry Espinosa—appeared at the auction represented by her attorney-in-fact, Pastor Mandry Nones, who in her behalf made offers for the four farms: La Catalina, Jaime Seix, Feliz, and Parcel Corral Viejo, which were equal for the first three farms, to the upset prices assigned. For the parcel of Corral Viejo he bid $4,300, that is, one hundred dollars in excess of the upset price of $4,200.

It appears from the Record of the Auction that, notwithstanding bids were offered on behalf of plaintiff for the respective upset prices or for a little more, and that she had been the successful bidder in the auction sale, the marshal received from the attorney-in-fact of the joint-owner bidder only three-fourths of the price offered as bid therein. In the Record of the Auction the marshal stated the following:

*In relation to La Catalina farm:*

"After reading aloud the description of the property, its inscription number and the foregoing upset price, PASTOR MANDRY NONES, as attorney-in-fact of plaintiff Margarita Mercado Riera, *offered for the real property the indicated upset price of $40,000,* and since plaintiff is the owner of one-fourth ($\frac{1}{4}$) of the real property, and no higher bid having been made on her behalf *I adjudicated the sale to her,* and received a check from the manager of Banco de Ponce for the amount of $30,000, *which represented the three-fourths ($\frac{3}{4}$) which said successful bidder, who was the owner of the remaining one-fourth, acquired in the auction sale,* as it appears from the record of this case."

*In relation to the Jaime Seix farm:*

"After reading the description of the preceding farm its inscription number and the upset price of $2,000 PASTOR MANDRY NONES, as attorney-in-fact of plaintiff, Margarita Mercado Riera, *offered for the afore-cited farm the amount of $2,000, upset price in said auction.* There being no higher bid *I adjudicated the sale to plaintiff,* Margarita Mercado Riera. *Since she was the owner of one-fourth of the real property at auction, through her attorney-in-fact aforementioned,* she *paid the amount of $1,500* by check of the manager of Banco de Ponce."

*In relation to Feliz farm:*

"After having read the description of the preceding farm, its inscription number and the upset price of $140,000, PASTOR MANDRY NONES, as attorney-in-fact of plaintiff Margarita Mercado Riera, *offered for the aforementioned farm the amount of $140,000, upset price in this auction.* No higher bid having been made I adjudicated the sale to plaintiff, Margarita Mercado Riera. *Since she was the owner of one-fourth of the real property auctioned,* through her aforementioned attorney-in-fact, *she paid the amount of $105,000* by check of the manager of Banco de Ponce."

*In relation to Parcel Corral Viejo:*

"After reading aloud the description of the real property, its inscription number and the upset price, PASTOR MANDRY NONES, as attorney-in-fact of Margarita Mercado Riera, *offered for the real property the amount of $4,300, and since said plaintiff is the owner of one-fourth of the real property,* and no higher bid had been made, I adjudicated the sale to her, receiving a check of the manager of Banco de Ponce for the amount of *$3,150 and the additional amount of $75 in cash."* (Italics ours.)

On January 12, 1963 deed No. 10 was executed before Notary Armando Irizarry Hernández, by the marshal who held the auction, Salvador S. Mandry and his wife, Margarita Mercado Riera and Rafael Peralta Carlo. The public

auction sale held three days previously was thereby ratified. Its First and Second clauses state, insofar as pertinent:

"FIRST: HOMERO NEGRÓN TORRES, as MARSHAL . . . ratifies in all its parts the auction sale held . . . and, by virtue thereof, sells, cedes, waives, and transfers in favor of MARGARITA MER-CADO RIERA *the undivided ownership of three-fourths interest on the real properties afore-described* . . . which belonged to defendants . . . *since the purchaser is the owner of the remaining fourth in each and every one of said properties,* which she acquired by testate inheritance . . . transferring to the judicial purchaser the absolute ownership *of the joint interest of three fourths of each and every one of said properties,* . . . .

"SECOND: The sale shall be executed for the agreed price of ONE HUNDRED AND THIRTY–NINE THOUSAND, SEVEN HUNDRED AND TWENTY–FIVE DOLLARS ($139,725), which the appearing marshal received from the judicial purchaser at the Act of the Auction, . . . ." (Italics ours.)

Said deed was presented for registration in relation to the three-fourths adjudicated to plaintiff over the four farms: La Catalina, Jaime Seix, Feliz and parcel situated in Corral Viejo. The Registrar refused to record it by a marginal note which reads essentially as follows:

"DENIED: Record of this document and cautionary notice is entered for 120 days in relation to the joint interest acquired by Margarita Mercado Riera and her husband, Salvador S. Mandry Espinosa, by purchase at public auction, of ¾ of farms 1, 2, 4 and 5 described at pp. 36 to 38 of said document, the only ones of which record is requested, as indicated at the margin of the description of the same; ON THE GROUNDS:— FIRST: That the determination of legality should depend on the facts that appear from the documents presented pursuant to the provisions of art. 18 of the Mortgage Law and art. 77 of its Regulations. SECOND: That the proceeding filed in the court is of a special nature based on § 338 of the Civil Code inviting foreign parties to the auction. THIRD: That as it appears from the order of the court, the marshal should have sold the farms in their entirety, which he did not do since it alienated undivided interests. FOURTH: That in the absence of express

authorization the marshal lacks power to modify the juridical relation created between the judge and the parties, by virtue of the judgment, irrespective of any defect in the actions originating from the former. (4 L.P.R.A. § 404.)"[1]

---

[1] On the same date the respondent Registrar denied the record of several subsequent transactions related to the auctioned properties on January 9, 1963. Said denials produced the eleven administrative appeals Nos. G-65-7 to G-65-17.

G-65-7 refers to deed No. 11, of January 12, 1963, by which Margarita Mercado Riera and her husband, Salvador S. Mandry Espinosa, sell to Eleuterio Montalvo Ramírez and Felipe Pérez Cortés the farms La Catalina, Jaime Seix, Feliz and Parcel Corral Viejo for the amount of $186,200.

G-65-8 refers to the segregation, sale and conventional mortgage deed No. 166 of July 6, 1963 before the same notary, by which the purchasers, Montalvo Ramírez and Pérez Cortés segregate from Feliz farm a parcel of land of three cuerdas, sell it to Luis Guillermo León Quintana for $5,250, the latter owing $2,800 of said amount, the payment of which he secures by mortgage deed of said parcel of land.

G-65-9 refers to deed No. 237 dated October 8, 1963, before the same notary, by which the creditors Montalvo Ramírez and Pérez Cortés cancel said mortgage in full.

G-65-10 refers to the conventional mortgage deed, No. 20, of January 28, 1964 before the same notary, by which Luis Guillermo León Quintana executes a second mortgage on the three-cuerdas parcel and its buildings, to secure a note to bearer by endorsement, for the amount of $10,000.

G-65-11 refers to deed No. 196 of August 21, 1963, before the same notary, by which, Montalvo Ramírez and Pérez Cortés declare that they owe to Mr. Rafael Matos Balaguer, the amount of $62,198.56 and for the full payment thereof they transfer a joint interest of ⅓ of La Catalina, Jaime Seix, Feliz, and Parcel Corral Viejo farms.

G-65-12 refers to deed No. 197 of August 21, 1963, before the same notary, by which the then joint owners Montalvo Ramírez, Pérez Cortés, and Matos Balaguer declare having issued a note to the bearer by endorsement, or on demand, payable at sight for the amount of $250,000, and to secure payment thereof they execute a mortgage deed on the Feliz farm.

G-65-13 refers to the refusal to record a judgment rendered in a dominion title proceeding in the Superior Court, Ponce Part, on November 27, 1963, Civil Case CS-63-132, instituted by Montalvo Ramírez and Pérez Cortés, by which the registration of two parcels of land, one of 10 cuerdas and the other of 5 cuerdas is ordered in favor of plaintiffs, because they were an integral part of La Catalina farm.

G-65-14 refers to deed No. 291 of December 4, 1963, before notary Armando Irizarry Hernández, by which Montalvo Ramírez and Felipe

Appellants spouses Mandry-Mercado maintain that the Registrar erred (1) in literally applying art. 18 of the Mortgage Law and art. 77 of its Regulations; (2) in determining that the proceeding was a special one based on § 338 of the Civil Code, disregarding the right of a joint owner to appear as bidder at the auction; (3) in maintaining that the marshal should have sold the properties as a whole and not in joint interests, and (4) in denying the registration.

The point to be determined in this appeal: whether the fact that the bidder paid, and the marshal received, only three-fourths of the price that the former offered for each farm, and the adjudication being then limited to only three-fourths of each property invalidated, absolutely and necessarily, the judicial sale of only three-fourths, and precluded its registration.

---

Cortés declare owing Mr. Raúl Matos Balaguer the amount of $575 and for its payment in full they transfer to him one joint interest of ⅓ of the two parcels of land which were the object of the aforecited dominion title proceeding.

G-65-15 refers to deed No. 129 of June 12, 1964, before the same notary, by which Luis Guillermo León, mortgages his 3-cuerda parcel segregated from Feliz farm and its buildings to secure a note issued in favor of Ponce Federal Savings and Loan Association, or on demand, for the amount of $16,000.

G-65-16 refers to deed No. 130 executed June 12, 1964 before the same notary, by virtue of which Mr. Raúl Matos Balaguer and his wife, as owners and holders of the mortgage note of $10,000 issued by Luis Guillermo León Quintana on March 28, 1964—involved in administrative appeal G-65-10—set aside the mortgage executed for its payment over the 3-cuerda parcel and its buildings, giving the aforecited mortgage executed in favor of Ponce Federal Savings and Loan Association of Puerto Rico, the character of first and preferred lien by, consenting to the registration of said preference, and finally,

G-65-17 refers to deed No. 148 of July 7, 1964, before the same notary, by virtue of which Rafael Hilera Rozas, in representation of Ponce Federal Savings and Loan Association of Puerto Rico, cancels, as the legal owner and bearer of another mortgage note issued by Luis Guillermo León Quintana, the mortgage the latter executed by deed No. 239 of October 10, 1963, before the same notary, and also over the same 3-cuerda parcel of land and its buildings.

In the consideration of this appeal we must have in mind the following circumstances: (a) the respective offers or bids made on behalf of bidder Margarita Mercado Riera, as recited in the denied document, were for the whole of each one of the farms: La Catalina, Jaime Seix, Feliz, and Parcel Corral Viejo; (b) the amount of each offer over said totality, reached and in relation to one farm, exceeded, the auction upset price; (c) none of said offers referred to joint interests; (d) no higher bid was made by any bidder; (e) that, under such conditions, the marshal stated, as to each offer in the Auction Record: "No higher bid having been made I adjudicated the sale to plaintiff Margarita Mercado Riera," and (f) that the registration sought, as well as the subsequent denial, refer to said three-fourths of the farms.

It was after said offers and adjudications of the bids and when it was time to pay at the auction the respective auction prices offered for each farm that what occurred has given rise to the denial of registration. Then, instead of paying the total amount of each bid, as Peralta Carlo did in relation to the Aguayo farm, bidder Margarita Mercado Riera only pays, and the marshal only receives, three-fourths of each of the prices offered by her, by reason of "her being owner of one-fourth of the *property auctioned,*" without it appearing from the Record of the Auction that there was any objection from the other parties in the case, by any foreign bidder and by any person interested in the auction.

First, we shall determine that the grounds for denying record based on the facts that the successful bidder at the auction was the conjugal partnership constituted by Margarita Mercado Riera and her husband, Salvador S. Mandry Espinosa, and that the judgment which decreed the auction sale of the properties ordered that the one-fourth corresponding to said lady be deposited in the Office of the Clerk of

the court, were not stated by the Registrar in the decision denying record. *Soto* v. *Registrar*, 58 P.R.R. 16 (1941); *Rivera* v. *Registrar*, 55 P.R.R. 99 (1939); *Collazo* v. *Registrar*, 55 P.R.R. 432 (1939).

■ In *Ex Parte García*, 54 P.R.R. 478, 482 (1939) we said that there is no impediment where a person acquires part of a farm as separate property and the other part as conjugal property.

■ We also conclude that Margarita Mercado Riera could appear to participate in the auction by virtue of which titles of the farms: La Catalina, Jaime Seix, Feliz, and Parcel Corral Viejo were adjudicated, and later transferred to her. Judgment of the Supreme Court of Spain of November 28, 1907; VII Manresa, *Comentarios al Código Civil Español* 706 (6th ed.).

■ Article 18 of the Mortgage Law (30 L.P.R.A. § 43) provides that the Registrars shall, under their responsibility, determine the legality of the instruments under which record is requested, and the capacity of parties thereto . . . . They shall likewise . . . pass on all documents issued by judicial authorities. In the case of a judicial sale presented for record, the Registrar may (1) inquire whether in the proceeding taken before court the requirements prescribed by law were complied with (*Correa* v. *Registrar*, 67 P.R.R. 706 (1941)); (2) inquire into the jurisdiction of the court which rendered the order directing the sale of the property (*Santos* v. *Registrar*, 60 P.R.R. 131 (1942)); and (3) determine whether the marshal complied with the writ of execution for the sale of the property (*Riera* v. *Registrar of San Juan*, 23 P.R.R. 501 (1916)). See, also, *Caribe Nitrogen Corp.* v. *Registrar*, 87 P.R.R. 159 (1963). Section 253 of the Code of Civil Procedure (1933) (32 L.P.R.A. § 1134) provides that in the sale of properties under execution the marshal must follow directions. In *Arroyo* v. *Registrar*, 86 P.R.R.

343 (1962) we said that the mortgage legislation should be construed with a flexible criterion "which may respond to the development of our dynamic economy, promote contracting and impress the territorial credit with stability."

Let us examine the Registrar's actions in this case in the light of the foregoing.

According to the record the judgment of the court of January 23, 1959 decreed the sale at public auction of the properties in question for a particular upset price and ordered "that after the execution of the sale at public auction . . . the total amount of the auction sale shall be deposited in the Office of the Clerk of this court and the Clerk shall divide the total proceeds obtained by virtue of the auction sale. . . . The fourth corresponding to plaintiff, Margarita Riera, shall be also deposited in the Office of the Clerk of this court until further orders for the latter's compliance with the stipulation agreed upon with codefendant Secretary of the Treasury of Puerto Rico and approved by this court on September 23, 1958." The court specifically warned the marshal to proceed according to the provisions of § 253 of the Code of Civil Procedure in the execution of the sale at public auction.

On October 11, 1962 the marshal held the auction sale in question. It appears from the record of the auction sale that for La Catalina, Jaime Seix and Feliz, Pastor Mandry Nones, as attorney-in-fact of Margarita Mercado Riera, offered the total upset price for each of them and for the parcel of land in Corral Viejo he offered $100 in excess of the total upset price of the latter. By virtue thereof, she was adjudicated the sale on all the properties, the marshal having received a check for ¾ of the auction price in each case from said successful bidder, "who was the owner of the remaining fourth."

From the foregoing it is evident that the adjudication was correctly made by the marshal, for he sold the four

farms to the best bidder for not less than the upset price. Now then, the marshal disregarded his instructions in failing to require that the price be paid in full and in cash as provided by the judgment as well as by the writ issued according to the same. Hence, the marshal did not follow the instructions in executing the judicial sale in selling to Margarita Mercado Riera ¾ of the interest of the property previously described, and transferring to her the title in fee simple of said joint interests. At law he disregarded them. Therefore it was proper to deny the registration of said deed because it was null and void for the purpose which caused its execution.

But in view of the fact that we concluded that the adjudication of the farms was correctly made, the proper thing is that Mrs. Mercado Riera pay to the marshal in cash the fourth part of the adjudication of each of the aforesaid four properties, and at the same time that another deed of judicial sale be executed by virtue of which the marshal shall acknowledge having received from Mrs. Mercado Riera the total auction price of such properties, and by virtue thereof transfer to her the dominion title of the same, then proceeding to the ratification of the subsequent transactions.

Once the foregoing has been performed the ground for the objection assigned by the Registrar in these cases, shall be eliminated and the registration requested shall be made unless the determination of the validity of the instruments justify the denial of its registration by reasons other than those considered on this occasion.

On the grounds, and with the limitations herein stated, we affirm the notes of the Registrar in these cases.